IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>) |
| v. | )<br>) |
| JEROME WORZALLA,<br>KEN JESSICK, and<br>MACIEL A. NINO-RODRIGUEZ<br>a/k/a "Alex,"<br>Defendants. | )  Case No.  09-CR-016<br>)<br>)<br>)<br>)<br>)<br>) |

PRELIMINARY ORDER OF FORFEITURE

Based upon the motion of the United States, the entire file in this case, and good cause appearing, the Court finds that:

1. On February 18, 2009, a federal grand jury sitting in Madison, Wisconsin, returned a indictment against defendant Jerome Worzalla. Count 1 charged conspiracy to distribute cocaine, in violation of Title 21, United States Code, Section 846. The indictment also contained a forfeiture allegation for the forfeiture of the real property located at W2526 Arnold Road, Town of Hampden, Columbia County, Wisconsin..

2. On May 14, 2009, the defendant entered a plea of guilty to Count 1 of the indictment pursuant to a written plea agreement. The plea agreement provided that the defendant agree to the forfeiture of the real property located at W2526 Arnold Road, Town of Hampden, Columbia County, Wisconsin.

IT IS THEREFORE ORDERED:

1. That based upon Jerome Worzalla's guilty plea, and pursuant to Title 21, United States Code, Section 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the defendant forfeits to the United States his right, title, and interest in the real property located at W2526 Arnold Road, Town of Hampden, Columbia County, Wisconsin.

2. The United States Marshals Service is directed to seize and take custody of the above-referenced property.

3. Pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish notice of the order and of its intent to dispose of property in such a manner as the Attorney General may direct. Any other person, other than the defendant, having or claiming a legal interest in any of the forfeited property must file a petition with the Court within thirty days of final publication notice or receipt of actual notice, whichever is earlier.

   a. The petition shall be for a hearing to adjudicate the validity of a petitioner's alleged interest in the forfeited asset, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited asset and any additional facts supporting the petitioner's claim and the relief sought.

   b. The United States may also, to the extent practicable, provide direct written notice to any person who has an alleged interest in the forfeited asset, as a substitute for published notice.

4.      Upon adjudication of any and all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

ORDERED this __14__ day of May 2009.

_____
LYNN S. ADELMAN
United States District Judge